**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BERNICE ALEXANDER,

　　　　Plaintiff-Appellant,

v.

CITY OF TULSA,

　　　　Defendant-Appellee.

No. 08-5104
(D.C. No. 4:03-CV-00399-TCK-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Plaintiff-appellant Bernice Alexander appeals from the district court's grant

of summary judgment to the City of Tulsa. Ms. Alexander asserted that the City

violated various amendments to the United States Constitution and other laws, by

taking unspecified actions that resulted in her having to move from her home, and

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

damaging her in numerous other ways.  We have jurisdiction over this appeal

under 28 U.S.C. § 1291.

We first note that dismissal of this appeal would be appropriate on the

ground that Ms. Alexander's briefs lack, among other requirements, a reasoned

argument.  *See* Fed. R. App. P. 28(a)(9).  Her briefs on appeal simply reiterate her

non-specific yet extreme district court claims about alleged wrongs being visited

upon her and her family by defendant-appellee and other persons and entities, add

a few similarly non-specific claims not raised in the district court,[1] and then

generally complain that the district court ruled against her.

Instead, we affirm the district court's decision for the reasons set forth in

the report and recommendation of the magistrate judge assigned to the case, *see*

R., doc. 57, which was later adopted in full by the district court, *see id.*, doc. 62.

> We review the grant of a motion for summary judgment
> *de novo*, applying the same standard as the district court.  Summary
> judgment is appropriate if there is no genuine issue as to any material
> fact and the movant is entitled to judgment as a matter of law.  We
> examine the record and all reasonable inferences that might be drawn
> from it in the light most favorable to the non-moving party.

*T-Mobile Cent., LLC v. Unified Gov't of Wyandotte County*, 546 F.3d 1299, 1306

(10th Cir. 2008) (quotations, citation, and alteration omitted).  Although

Ms. Alexander submitted numerous documents in her responses to the City's

---

[1]     We will not address claims not raised by Ms. Alexander in the district
court.  *See Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005) (we need not
address arguments not raised in district court).

summary judgment motion, the district court found that there was nothing showing a connection between the City and the alleged loss of Ms. Alexander's home, alleged damage to her personal property, or alleged threat to her physical safety or that of her family. Although Ms. Alexander does not point to any specific evidence in the record that the district court failed to consider, we have independently reviewed the evidence submitted and are convinced the district court's ruling was correct.

The judgment of the district court is therefore AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge